IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY BUSCH, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) | Case No. 12-3490-CV-S-ODS |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Pending is Defendant's Motion to Transfer Venue to the Eastern District of Missouri. (Doc. # 17). The Motion is denied.

I. BACKGROUND

On March 1, 2013, Defendant filed a Motion to Transfer Venue. (Doc. # 17). Defendant seeks to transfer this case to the United States District Court for the Eastern District of Missouri ("Eastern District"), Eastern Division, for consolidation with *Murrell v. Allstate Insurance Company*, Case No. 4:12-cv-01707-JAR, which is currently pending in that venue. This Court previously entered an Order and Opinion Granting in Part and Denying in Part Defendant's Motion to Dismiss (Doc. # 31) that gives a more detailed background of this case. Accordingly, the Court will only discuss additional facts that are relevant to the *Murrell* action and the pending motion to transfer.

A. The Instant Action

On November 16, 2013, Plaintiffs filed a three-count Complaint in the United States District Court for the Western District of Missouri ("Western District"). Plaintiffs' claims arise out of the termination of their employment from Allstate Insurance Company. Plaintiffs Busch, Bauer, and Priaulx worked either in the field, or at one of Allstate's drive-in facilities in St. Louis, Missouri. Plaintiff Wangerin's job required him to

be in the field, and his office was located in St. Louis, Missouri. Plaintiffs Carter and Vandiver worked in or around Springfield, Missouri. *See* Suggestions in Support (Doc. # 18), at 2; Suggestions in Opposition (Doc. # 25), at 4; Declaration of Meg Duffy (Doc. # 18.1), ¶ 5. Plaintiffs were terminated for "falsification of records" in January 2012. Plaintiffs bring causes of action for (1) wrongful termination in violation of public policy; (2) defamation; and (3) intentional infliction of emotional distress.[1]

### B. The *Murrell* Action

Wayne Murrell ("Murrell") was employed by Allstate as an adjuster and was terminated in January 2012 for "falsification of records." On August 1, 2012, two months before Plaintiffs filed the instant action, Murrell—a former Allstate employee—filed an action against Allstate in the Circuit Court of St. Charles County, Missouri. On September 20, 2012, Allstate removed the *Murrell* action to the Eastern District. In his original complaint, Murrell alleged two counts against Allstate, including unpaid overtime and violations of the Missouri Human Rights Act. On February 19, 2013, Murrell filed his First Amended Complaint adding counts for wrongful termination in violation of public policy, defamation, and violations of the Fair Labor Standards Act.

## II. DISCUSSION

Defendant moves to transfer this case to the Eastern District for convenience pursuant to 28 U.S.C. § 1404(a).[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, in determining whether transfer is appropriate, two elements must be considered in this case: (1) whether the action could have been brought in the Eastern District; and (2) whether the convenience of the parties and the witnesses, as well as the interests of justice, favor

---

[1] On May 2, 2013, the Court granted Defendant's Motion to Dismiss Plaintiffs' claim for intentional infliction of emotional distress. (*See* Doc. # 31).
[2] Defendant has not argued that venue is improper under 28 U.S.C. § 1391.

2

transfer to the Eastern District. *See Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A court's evaluation should not be limited to these factors because determinations require a case-by-case evaluation. *See id.* "The decision to transfer a case lies within the discretion of the trial court and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *St. Louis Federal Sav. And Loan Ass'n v. Silverado Banking, Sav. and Loan Ass'n*, 626 F.Supp. 379, 383 (E.D. Mo. 1986). In this case, Plaintiffs could have originally brought this action in the Eastern District—a judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Four Plaintiffs either worked in the field, or at a drive-in facility or office in St. Louis. Accordingly, the first element required for transfer is satisfied.

Turning to the second element, the plaintiff's choice of forum should be given great weight, "particularly where the plaintiff is a resident of the judicial district where the suit is brought." *Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*, No. 06-0188-CV-W-FJG, 2006 WL 1235957, at *1 (W.D. Mo. May 4, 2006) (citing *Houk v. Kimberly Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985)). Here, two Plaintiffs reside in the Western District and worked primarily in and around Springfield, Missouri. The other four Plaintiffs have clearly acquiesced to bringing the suit in the Western District. Further, Defendant has demonstrated through its own conduct of transacting business and employing individuals in the Western District that this judicial district is not inconvenient. The inconvenience Defendant may experience litigating in the Western District does not justify transfer. *See Terra Intern.*, 119 F.3d at 696-97 ("Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue.").

Nor does the convenience of witnesses favor transferring this case to the Eastern District. Defendant states that the anticipated witnesses reside near St. Louis and transfer to the Eastern District would prevent them from having to travel to Springfield. Suggestions in Support (Doc. # 18), at 8; Declaration of Meg Duffy (Doc. # 18.1), ¶ 7. However, these "witnesses" Defendant points to are the Plaintiffs in this case. "Section 1404(a) clearly delineates between the convenience of 'parties' (which of course are also likely to be witnesses) and 'witnesses.'" *Leverage Leasing Co. v. Lincoln Ins. Co.*,

3

No. 91-cv-558-w-2, 1991 WL 626752, at *2 (W.D. Mo. Sept. 27, 1991). "'[W]itnesses refers to non-parties or independent persons and not the parties or their agents or representatives." *Id.* The only other witness Defendant identifies is Mr. Murrell, who resides within 35 miles of St. Louis.[3] Mr. Murrell's inconvenience is slight given the proximity between St. Louis and Springfield.

Finally, Defendant argues that transferring this case to the Eastern District for consolidation with the *Murrell* action would eliminate the need for duplicative discovery efforts and avoid the possibility of inconsistent rulings by different courts on the same issues. In response, Plaintiffs contend that the additional allegations raised in the *Murrell* action "would undoubtedly increase costs and the length of trial and require factual and potentially expert testimony wholly unrelated to the claims of all six Plaintiffs and applicable only to the allegations of Mr. Murrell, the only plaintiff in his lawsuit." Suggestions in Opposition, at 8. Plaintiffs point to *Criswell v. City of O'Fallen, Mo.*, No. 4:06-cv-01565-ERW, 2007 WL 2669114, at *1-2 (E.D. Mo. Sept. 6 2007), where a defendant sought to consolidate two cases with employees alleging wrongful termination in violation of public policy. *Id.* Both cases involved similar factual allegations as well as the same witnesses and discovery information. *Id.* Despite the similarities, the court denied defendants' motion to consolidate because of "serious concerns" relating to unfair prejudice and jury confusion. *Id.* Here, transferring the case to the Eastern District for potential consolidation raises similar concerns. Although some claims in this case are similar to the claims in the *Murrell* action, Mr. Murrell's age discrimination and overtime pay suit are not similar to Plaintiffs' claims. The risks of unfair prejudice and jury confusion outweigh transferring this case to the Eastern district. Thus, this Court declines to transfer this case to the Eastern District.

---

[3]Defendant also highlights Plaintiffs' failure to identify any witness for which the Western District would be more convenient, but Defendant bears the burden of proving that transfer is warranted. *See Terra Intern., Inc.*, 119 F.3d at 695.

## III. CONCLUSION

Defendant has failed to demonstrate that transfer to the Eastern District is warranted. Accordingly, Defendant's Motion is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 2, 2013                       UNITED STATES DISTRICT COURT